UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANKLIN DE LA ROSA,<br><br>                             **Plaintiff,**<br><br>v.<br><br>NATIONAL RETAIL SYSTEMS,<br><br>                             **Defendant.** | Civ. No. 19-cv-2166 (KM) (MAH)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Before the Court is the motion of defendant National Retail Systems ("NRS") to dismiss the complaint of *pro se* plaintiff Franklin Hernandez De La Rosa. (DE 1). For the reasons stated herein, the motion is granted, without prejudice to amendment.

**I.  Background**

NRS is a New Jersey corporation. Mr. De La Rosa resides in West New York, New Jersey. He was previously employed by NRS.

Mr. De La Rosa asserts that on May 22, 2017, while working at NRS in their location at 2820 16th Street in North Bergen, New Jersey, he fell ill and got "sick in the bathroom" with a stomachache. (DE 1 at 3). Mr. De La Rosa asserts that his supervisors subsequently verbally abused and bullied him, ultimately firing him.

On January 25, 2019, Mr. De La Rosa filed his Complaint. (DE 1). NRS now moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Plaintiff did not file any opposition to the motion to dismiss.

**II.  Motion to Dismiss**

Jurisdiction must be established as a threshold matter. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210

1

(1998). A motion to dismiss pursuant to Rule 12(b)(1) may be brought as a facial or factual challenge. *See Church of the Universal Bhd. v. Farmington Twp. Supervisors*, 296 F. App'x 285, 288 (3d Cir. 2008).

Here, NRS facially challenges jurisdiction based on the pleadings alone. (DE 12 at 8). Where the motion challenges jurisdiction on the face of the complaint, the court only considers the allegations of the complaint and documents referred to therein in the light most favorable to the plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). I have construed the allegations of the Complaint liberally in light of the plaintiff's *pro se* status. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

"Federal courts have subject matter jurisdiction over a case if it satisfies federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332." *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996) (*Hunter v. Greenwood Trust Co.*, 856 F.Supp. 207, 211 (D.N.J. 1992)). "Federal question jurisdiction exists if the action 'arises under' the 'Constitution, laws, or treaties of the United States.'" *United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir. 1986) (citing *see* 28 U.S.C. § 1331). Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

The existence of a federal question under 28 U.S.C. § 1331 is not pled in the Complaint. The body of the complaint does not refer to any federal-law claim.[1]

The underlying conduct appears to implicate, at best, some state statutory or tort-law theory of liability. The only potential basis for federal

---

[1] The allegations of the complaint, even liberally read, would not seem to set forth a claim under the Family Medical Leave Act. An ordinary stomachache, like the one alleged here, does not rise to the level of a "serious health condition." *See* 29 U.S.C. § 2612(a)(1)(D); 29 C.F.R. § 825.114; *McCoy v. Port Liberte Condo. Ass'n #1, Inc.*, No. CIV.A. 2:02-1313, 2003 WL 23330682, at *3–*4 (D.N.J. Sept. 12, 2003).

2

jurisdiction over such state law claims would be diversity jurisdiction. *See* 28 U.S.C. § 1332(a). However, neither diversity of citizenship nor an amount in controversy exceeding $75,000 is pled in the complaint. The plaintiff and defendant are not citizens of different states; Mr. De La Rosa asserts that he is a citizen of New Jersey, and NRS is also a citizen of New Jersey. (DE 1 at 1). The amount in controversy also does not appear to exceed $75,000. Mr. De La Rosa states that he seeks to get his job back and to be paid for lost time. He asserts that he made $1,350 a month in 2017. (DE 1 at 7). Even if Mr. De La Rosa were to succeed and recover his lost wages from May 2017 to the present, damages would still not exceed $75,000. The Complaint therefore fails to plead facts establishing diversity jurisdiction.

Accordingly, because there is no federal question jurisdiction and no diversity jurisdiction, this court lacks subject matter jurisdiction over this matter and the Complaint must be dismissed.

### III. Conclusion

Defendant's motion to dismiss (DE 12) is **granted**.

This dismissal is without prejudice to the filing, within 30 days, of an amended complaint that states the nature of the claims and contains allegations sufficient to establish federal-court jurisdiction.

An appropriate order follows.

Dated: January 9, 2020

HON. KEVIN MCNULTY, U.S.D.J.

3